**SHER TREMONTE** LLP

April 30, 2024

**VIA ECF AND EMAIL**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Marcus Ricketts, et al.*,
              Case No. 22-CR-106 (LDH)

Dear Judge DeArcy Hall:

      We represent Jonathan Goulbourne, a defendant in the above-referenced matter. We write with urgency and alarm to advise the Court about a medical situation involving Mr. Goulbourne and respectfully to request that the Court issue an order to staff at the Metropolitan Detention Center ("MDC") to address his medical needs. In particular, we respectfully request that the Court order the MDC to (1) provide Mr. Goulbourne with the remainder of his prescribed dose of antibiotics, which he received after undergoing an emergency appendectomy on April 16, 2024; and (2) provide both Mr. Goulbourne and the undersigned counsel with all paperwork relating to Mr. Goulbourne's placement in the Special Housing Unit ("SHU") based on his request to receive his prescribed pain medication.

      On April 14, 2024, Mr. Goulbourne began to experience a sharp pain in his leg, which quickly worsened into severe abdominal pain and nausea, causing him to vomit repeatedly. Although both Mr. Goulbourne and his cellmate informed the correctional officer on duty about his condition, Mr. Goulbourne was essentially told to stop complaining and did not have an opportunity to meet with medical staff at the MDC until the next day. Mr. Goulbourne's pain became so severe that he collapsed and spent the night unable to sleep and thinking he might die in the MDC. He was eventually taken to NYU Langone's Brooklyn Emergency Room where he was diagnosed with a ruptured appendix. Early the following morning, he was transferred to the Brooklyn Hospital Center, where he underwent a laparoscopic appendectomy. He was discharged on April 18, 2024 and returned to the MDC on the same day with a prescription for: (1) Cephalexin, an antibiotic, to take twice a day for five days; (2) Percocet (Oxycodone/Acetaminophen) to take twice a day for three days; and (3) Docusate Sodium to take once a day for fourteen days. Mr. Goulbourne was permitted to carry and self-manage the Cephalexin and Docusate Sodium, while the Percocet was to be administered by MDC medical staff.

Hon. LaShann DeArcy Hall
April 30, 2024

On Saturday, April 20, the MDC went on lockdown, as is now the practice every weekend due to staffing shortages. The nurse on staff who was in charge of providing inmates their medications that day did not provide Mr. Goulbourne his Pecocet because Mr. Goulbourne did not have his identification card on his person. During his transfer to NYU Langone, Mr. Goulbourne had given his identification card to MDC staff, but did not receive it back upon his return. As a result, Mr. Goulbourne was forced to recover from surgery over the weekend with no medication whatsoever for pain management.

On April 23, 2024, having still not received his Percocet despite repeated requests, Mr. Goulbourne was approached by a nurse while on his way to a legal visit. The nurse asked if he had received his medication and Mr. Goulbourne responded that he had not and that he would get his attorney involved and his attorney would "take care of the situation." When Mr. Goulbourne returned from his legal visit, he was intercepted by MDC staff who placed him in handcuffs and escorted him to the SHU. Mr. Goulbourne was given a ticket for "threatening bodily harm" based on his conversation with the nurse. Because he was taken directly to the SHU, Mr. Goulbourne was unable to bring his Cephalexin, of which approximately three or four doses remained. Like most antibiotics, Cephalexin must be completed as prescribed, as an incomplete regimen risks a secondary bacterial infection that may become resistant to antibiotis. *See* "Cephalexin," *MedlinePlus*, https://medlineplus.gov/druginfo/meds/a682733.html (last visited 4/30/2024.)

Upon learning of this situation (through a relative of another client who is on Mr. Goulbourne's housing unit), we immediately contacted MDC legal staff on April 24 to request that Mr. Goulbourne receive his antibiotics and pain medication. We received no response. On April 25, AUSA Tara McGrath followed up with MDC legal staff stressing the urgency of the situation and requesting that the government be copied on any response. The government also received no response. Counsel for both parties followed up on April 25 and April 26, and, finally, on Friday, April 26, MDC legal staff responded, stating that Mr Goulbourne had received both medications and that the antibiotics were "self-carry medication." The undersigned responded that although Mr. Goulbourne had been given the medication, it was not in his possession in the SHU, and therefore he was unable to take the remaining doses. We also requested that the MDC provide the SHU ticket, as it was inappropriate to send an inmate to the SHU for telling a staff member that he would get his attorneys involved to assist in obtaining his medication. We received no response and followed up on Monday, April 29. That same day, MDC legal staff wrote to the undersigned and the government stating, "The antibiotic medication was completed on 4/24/2024. Therefore, he would not have those in his possession at this time." MDC legal staff also indicated that it could not provide a copy of the SHU ticket and we could obtain a copy from Mr. Goulbourne. Undersigned counsel wrote back, explaining that the Cephalexin prescription could not have been "completed" on April 24 because Mr. Goulbourne was sent to the SHU on April 23. We asked that Mr. Goulbourne be permitted to complete the prescribed dose of Cephalexin, or for the MDC to confirm that it would not provide him the medication, in which case, we stated, we would seek relief from the Court. We received no response to this correspondence.

Hon. LaShann DeArcy Hall
April 30, 2024

      Today, we visited Mr. Goulbourne, who is in the SHU and has not been given his remaining antibiotics. He advised that he is still experiencing some pain, especially when eating. Mr. Goulbourne also provided a copy of a SHU ticket he received on April 25, 2024 – two days after he was transferred there – which indicated it was a "rewrite" of a prior ticket. The ticket indicated that the nurse had reported that Mr. Goulbourne threatened him by saying, among other things, "I'm going to fuck you up." Mr. Goulbourne advised that the prior version of the ticket, issued on April 23, the day he was brought to the SHU, did not include this statement, but that his copy of the prior version had been taken from him.

      We are extremely concerned about Mr. Goulbourne's situation and the MDC's treatment of his condition. His appendix may well have ruptured because MDC staff ignored his initial complaints; he was forced to recover from surgery without the aid of painkillers; and he is now being deprived of his antibiotics, which he must finish to avoid potential infection. Further, it appears that Mr. Goulbourne was sent to the SHU in retaliation for his reasonable demands for his medication and efforts to get counsel to assist him, and that the MDC revised the SHU ticket after the fact to justify its actions. Needless to say, this is all deeply troubling. Our paramount concern is for Mr. Goulbourne to receive his medication. Accordingly, first, we respectfully request that the Court order the MDC to provide Mr. Goulbourne with the remaining doses of Cephalexin so that he may complete his prescribed regimen. Second, we respectfully request that the Court order the MDC to provide Mr. Goulbourne and the undersigned with *all* of the paperwork concerning Mr. Goulbourne's transfer to the SHU, including the prior iteration of the ticket, issued to him before the "rewrite."

      We appreciate the Court's consideration and will advise Your Honor of any updates to the situation.

                                           Respectfully submitted,

                                           /s/ *Noam Biale*
                                           Noam Biale
                                           Martin Njoroge

                                           *Attorneys for Jonathan Goulbourne*

cc:      All counsel (by ECF)
          MDC Legal Staff (by email)

3