# SHER TREMONTE LLP

May 8, 2024

**VIA ECF AND EMAIL**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Marcus Ricketts, et al.*,
                Case No. 22-CR-106 (LDH)

Dear Judge DeArcy Hall:

      We represent Jonathan Goulbourne in the above-referenced matter. We are in receipt of the Court's order adjourning the evidentiary hearing concerning Mr. Goulbourne's treatment at the MDC until May 23, 2024, at the government's request. We write to respectfully request that in light of the serious questions raised concerning Mr. Goulbourne's SHU ticket, the Court direct the MDC to transfer him from the SHU to general population for the duration of the adjournment. We have inquired as to the government's position on this request but have yet to receive a response.

      As the Court noted at the May 1, 2024 hearing, the incident report pursuant to which Mr. Goulbourne was placed in the SHU was altered once the undersigned raised concerns about Mr. Goulbourne's medication and placement in the SHU. Tr. of May 1, 2024 Hr'g 50-51. At the hearing, MDC counsel Sophia Papapetru stated that the incident report was changed because the reviewing officer, Lieutenant Ferguson, determined that it was facially insufficient. *Id.* at 51-52. (Notably, that is a different explanation than what Ms. Papapetru provided to the government by email dated April 30, 2024, in which she stated that the report was rewritten due to "a clerical/admin error" and that there was no original version of the report. We also have since received a more fulsome copy of the amended report than what Mr. Goulbourne received, and it contains additional inaccuracies.) Based on its review of the two reports, the Court ordered Lieutenant Ferguson to testify at the evidentiary hearing. The government then sought an adjournment, and based on the reasons it articulated in its request, we did not object.

      In the meantime, however, Mr. Goulbourne remains in the SHU, and we learned from speaking to him today that he has not been given a seven-day disciplinary review hearing, as required by BOP Program Statement 5270.12 § 541.26 ("Within seven continuous calendar days of your placement in either administrative detention or disciplinary segregation status, the SRO will formally review your status at a hearing you can attend."). The MDC is therefore failing to follow its own review policies as to Mr.

Hon. LaShann DeArcy Hall
May 8, 2024

Goulbourne, even assuming that there was a legitimate, non-retaliatory basis for placing him in the SHU in the first place.

      Given that SHU placement brings with it serious deprivations, including of contact with family, we respectfully request that the Court direct the MDC to release Mr. Goulbourne from the SHU and return him to general population, at a minimum until the issues with the conflicting incident reports can be resolved at the evidentiary hearing.

                                        Respectfully submitted,

                                        /s/ *Noam Biale*
                                        Noam Biale
                                        Martin Njoroge

                                        *Attorneys for Jonathan Goulbourne*

cc:      All counsel (by ECF)