# SHER TREMONTE LLP

May 14, 2024

**VIA ECF AND EMAIL**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Marcus Ricketts, et al.*,
               Case No. 22-CR-106 (LDH)

Dear Judge DeArcy Hall:

      We write on behalf of our client, Jonathan Goulbourne, to provide a brief update on his status in the SHU, following up on our request to release him back to general population, which we filed on May 8, 2024. ECF No. 341. We met with Mr. Goulbourne today and he reported that yesterday, Lieutenant Ferguson, who reviewed the original incident report and is scheduled to appear at the evidentiary hearing on May 23, visited Mr. Goulbourne's cell in the SHU. Lieutenant Ferguson made a comment about "paperwork" in court trying to get Mr. Goulbourne out of the SHU (Mr. Goulbourne was unaware of our request until we met with him today). Lieutenant Ferguson told him that "it doesn't work that way" and "judges don't have jurisdiction in this building."

      This morning, Mr. Goulbourne was visited by an officer who identified herself as being responsible for determining what sanction should be imposed based on the incident report. Mr. Goulbourne asked to tell his side of the story, to which the officer replied, "I don't have a ton of time to talk." Mr. Goulbourne denied the account in the incident report. He then asked if the officer had interviewed the nurse who was the complaining witness in the report. She told him that her job was to treat the incident report as a "statement of the facts." Mr. Goulbourne asked the officer to speak to a witness who observed the discussion between him and the nurse in his unit and to view the surveillance video of the encounter. The officer told him that was not her job. The officer then advised Mr. Goulbourne that the sanction for his disciplinary infraction would be the loss of twenty-seven days of good time and four months of social visits.

      While this "hearing" certainly leaves something to be desired in terms of due process, the upshot is that, now that it is concluded, Mr. Goulbourne should be moved out

Hon. LaShann DeArcy Hall
May 14, 2024

of the SHU in the relatively near future, thus mooting our May 8 request.  We appreciate the Court's consideration.[1]

                                      Respectfully submitted,

                                      /s/ *Noam Biale*
                                      Noam Biale
                                      Martin Njoroge

                                      *Attorneys for Jonathan Goulbourne*

cc:      All counsel (via ECF)

---

[1] Mr. Goulbourne also advised that on the health front, he is feeling much better, and his only remaining ailment is acid reflux.  The paperwork submitted to the Court by the government documenting his May 2 visit to the Brooklyn Hospital Center indicates that the doctor there prescribed Magnesium Hydroxide/Aluminum Hydroxide to alleviate his acid reflux, called the MDC to place the medication order, and was told the facility would provide the medication.  Mr. Goulbourne never received that medication.  On May 10, however, he was visited by Nurse Marilyn Garcia, who ordered Pepcid from the MDC pharmacy, which Mr. Goulbourne then received.