**SHER TREMONTE LLP**

May 19, 2024

<u>**VIA ECF AND EMAIL**</u>

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:** *United States v. Marcus Ricketts, et al.*,
             Case No. 22-CR-106 (LDH)

Dear Judge DeArcy Hall:

    We represent Jonathan Goulbourne. We write with concern regarding government's letter, filed on May 17, 2024, stating that the U.S. Attorney's Office's Civil Division will provide representation for the five witnesses who will be testifying at the evidentiary hearing on May 23, as well as the MDC itself. ECF No. 349. The information provided by MDC Counsel at the hearing on May 1—which led the Court to order the evidentiary hearing—suggests there is a potential conflict of interest between at least two of the government's witnesses:

    THE COURT: I think where we left off I was going to be informed who lied, which members of the medical staff lied when you inquired about the provision of the final doses of Mr. Goulbourne's antibiotics.

    So who was it that lied to you?

    MS. PAPAPETRIOU: Your Honor, the information was provided to me, not to myself but to [Elizabeth] Lynch from [Blake] Glucksnis.

    [. . .]

    THE COURT: . . . So Ms. Lynch was provided with false information concerning the provision of antibiotics to Mr. Goulbourne by the MDC medical staff, correct[?]

    MS. PAPAPETRIOU: Correct.

    THE COURT: And who was it in the MDC medical staff that provided false information concerning the provision of antibiotics to Mr.

Hon. LaShann DeArcy Hall
May 19, 2024

>Goulbourne after having undergone emergency -- an emergency appendectomy which medical staff provided this false information to Ms. Lynch[?]
>
>MS. PAPAPETRIOU: Mr. Glucksnis.

Tr. of May 1, 2024 Hr'g 25-26.

In addition, the testimony at the hearing may reveal conduct that violates, *inter alia*, sections 1001, 1512(c), and 1519 of Title 18.  In the event that the Court were to refer any of the individuals for criminal investigation, their representation by the U.S. Attorney's Office would present another conflict.  Accordingly, prior to the witnesses' testimony, the Court may wish to inquire regarding their understanding of the potential conflicts inherent in the joint representation pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982).

Respectfully submitted,

/s/ *Noam Biale*
Noam Biale
Martin Njoroge

*Attorneys for Jonathan Goulbourne*

cc:   All counsel (via ECF)