**MANDATE**

24-2006
*United States v. Goulbourne*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-five.

Present:
    JOSÉ A. CABRANES,
    MICHAEL H. PARK,
    BETH ROBINSON,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.                                    24-2006

JONATHAN GOULBOURNE,

    *Defendant-Appellant.*[*]

---

| | |
|---|---|
| FOR APPELLEE: | Frank Turner Burford, Assistant United States Attorney, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | Nicholas J. Pinto, Esq., New York, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

**MANDATE ISSUED ON 01/08/2026**

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the government's motion to dismiss is **GRANTED** and the appeal is **DISMISSED**.

On December 21, 2023, Defendant-Appellant Jonathan Goulbourne pleaded guilty under a plea agreement to obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(1) and (c)(2). On June 14, 2024, the district court sentenced him to a term of 80 months' imprisonment and two years' supervised release. On appeal, he argues that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review plea agreements, including waivers of the right to appeal, *de novo* and in accordance with general principles of the law of contract." *United States v. Green*, 897 F.3d 443, 447 (2d Cir. 2018). "A plea agreement that waives the right to appeal a sentence is presumptively enforceable if it has been entered into knowingly, voluntarily, and competently." *United States v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023) (internal quotation marks omitted). Exceptions to that presumption "occupy a very circumscribed area of our jurisprudence." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011).

We dismiss Goulbourne's appeal because it is barred by a valid appellate waiver. As part of his plea agreement, Goulbourne agreed "not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 135 months or below." App'x at 60. At his plea hearing, Goulbourne acknowledged that he understood the

terms of the appellate waiver. Goulbourne was sentenced to 80 months' imprisonment, so he is presumed to have waived his right to appeal the sentence imposed here.

Goulbourne attempts to overcome that presumption by arguing that the district "failed to enunciate any rationale for [his] sentence" because it did not adequately consider the relevant sentencing factors under 18 U.S.C. § 3553(a). Appellant's Br. at 13-14 (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)). In particular, Goulbourne contends that the district court did not consider "significant evidence at sentencing demonstrating life-threatening conditions during pretrial detention, and inhuman treatment [by] BOP staff." *Id.* at 15.

Goulbourne's argument is belied by the record. At sentencing, the district court clearly stated that it would "take into consideration the conditions of confinement that Mr. Goulbourne was subjected to at MDC." App'x at 140. It then proceeded to balance those concerns against the other 18 U.S.C. § 3553(a) factors, including "the seriousness of the crime as well as the need to afford adequate deterrence to criminal conduct." *Id.* at 141. While the district court indicated that Goulbourne's conduct—participating in a string of armed robberies that ultimately resulted in one injured and one dead victim—would ordinarily justify an upward departure, it sentenced Goulbourne to a sentence within the applicable Guidelines range because of his conditions of confinement at MDC. The district court thus not only enunciated its rationale for the sentence, but also imposed a shorter term of imprisonment than it otherwise would have based on the very evidence Goulbourne now claims the district court ignored. Goulbourne accordingly fails to rebut the presumption that his appellate waiver is valid and enforceable, so his appeal is foreclosed.

3

\* \* \*

We have considered all of Goulbourne's remaining arguments and find them to be without merit. For the foregoing reasons, the government's motion to dismiss is **GRANTED** and the appeal is **DISMISSED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4